

**E-FILED**
**CNMI SUPREME COURT**
E-filed: Feb 26 2024 02:43PM
Clerk Review: Feb 26 2024 02:44PM
Filing ID: 72138547
Case No.: 2023-SCC-0012-CRM
Judy Aldan



IN THE

# Supreme Court

OF THE

# Commonwealth of the Northern Mariana Islands

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS,
*Plaintiff-Appellee,*

*v.*

KENNETH THOMAS BLAS KAIPAT,
*Defendant-Appellant.*

**Supreme Court No. 2023-SCC-0012-CRM**

**ORDER DENYING RELEASE PENDING APPEAL**

**Cite as: 2024 MP 1**

Decided February 26, 2024

CHIEF JUSTICE ALEXANDRO C. CASTRO
ASSOCIATE JUSTICE JOHN A. MANGLOÑA
ASSOCIATE JUSTICE PERRY B. INOS

Superior Court Criminal Action No. 21-0072-CR
Associate Judge Wesley M. Bogdan, Presiding

INOS, J.:

¶ 1     Following his conviction, Appellant Kaipat submitted a motion titled Emergency Motion Under Rule 27-1. Motions made under NMI Supreme Court Rule 27-1 must certify that to avoid irreparable harm, relief is needed in less than 21 days. On its face, the motion contains no such certification and alleges no imminent irreparable harm. There is no emergency. However, because Kaipat stated with particularity the grounds for the motion, the relief sought, and the legal argument necessary to support it, we will consider the motion as a general motion under Rule 27.

¶ 2     Kaipat makes two requests for relief. First, he asks for court appointed counsel on appeal. We granted this request and appointed the Public Defender. *See Commonwealth v. Kaipat*, 2023-SCC-0012-CRM (NMI Sup. Ct. Oct. 19, 2023) (Order Appointing Counsel). Second, Kaipat is essentially requesting to be released pending appeal under Rule 9.[1] To be granted this relief, Kaipat must establish by clear and convincing evidence that: 1) he will not flee or pose a danger to any other person or to the community; 2) the appeal is not for the purpose of delay; and 3) the appeal raises a substantial question of law or fact likely to result in reversal or an order for a new trial. NMI SUP. CT. R. 9(c). We assess these criteria in accordance with the NMI Rule of Criminal Procedure 46(c) which deals with release of convicted individuals awaiting sentencing or appeal. *Id*.

¶ 3     Individuals awaiting sentencing or appeal "shall be treated in accordance with the provisions of Rule 46(a)(l) through (6)," for the purpose of reasonably assuring "that the person will not flee or pose a danger to any other person or to the community." NMI R. CRIM. P. 46(c). Failure to meet any one of these elements will result in a denial of the motion. *See Commonwealth v. Blas*, 2004 MP 26 ¶ 11 (denying motion for stay because it fails to meet one of the three elements set out in NMI R. CRIM. P. 46(c)).

¶ 4     Unlike Rule 46(c), Rule 46(a) deals with release prior to trial and does not explicitly instruct the court to ensure that the person seeking release will not pose a danger to any other person or to the community. Instead, the thrust of Rule 46(a) is aimed at ensuring the appearance of the person at trial and other proceedings as required. NMI R. CRIM. P. 46(a)(1). The rule contemplates release pending trial when the defendant is presumed innocent and is not presumptively a danger to the community.

¶ 5     Nevertheless, the rules for release pending sentencing or appeal require an assessment of the risk of danger to any person or to the community, and instruct us to look to Rule 46(a) to determine as much. NMI R. CRIM. P. 46(c).

---

[1] NMI Supreme Court Rule 9(b) requires a moving party to include a copy of the judgment of conviction with such a motion. Kaipat failed to do so, but we suspend that requirement under NMI Supreme Court Rule 2 and take this occasion to discuss Rule 46 of the NMI Rules of Criminal Procedure.

Specifically, Rule 46(a)(2), which accompanies 6 CMC § 6404,[2] lays out the factors to consider:

> In determining which conditions of release will reasonably assure appearance, the judge shall, on the basis of available information, take into account the nature and circumstances of the offense charged, the weight of the evidence against the accused, the accused's family ties, employment, financial resources, character and mental condition, the length of his/her residence in the community, his/her record of convictions, and his/her record of appearance at court proceedings or of flight to avoid prosecution or failure to appear at court proceedings.
> NMI R. CRIM. P. 46(a)(2).

¶ 6    This rule, though protective of a pre-trial defendant's presumption of innocence, nevertheless permits the court to consider the risk of danger to another person or the community. The rule accomplishes this by considering the nature and circumstances of the offense charged, the weight of the evidence against the accused, their character and mental condition, and their record of prior convictions and appearances at court proceedings. As written, the rule avoids presuming that a pre-trial defendant poses a risk to another person or to the community by including these factors under the umbrella of "[ensuring] appearance." *Id*. However, the sum of the factors in Rule 46(a)(2) plainly allows

---

[2]    Both 6 CMC § 6404 and Criminal Procedure Rule 46(a)(2) deal with the same question of release pending trial, but the factors they instruct the court to consider are not identical. The NMI Rules of Criminal Procedure were promulgated pursuant to the NMI Constitution, which states that the Chief Justice "may propose rules governing civil and criminal procedure, judicial ethics, admission to and governance of the bar of the Commonwealth, and other matters of judicial administration." NMI CONST. art. IV, § 9(a). Rules proposed by this Court become effective sixty days after submission to the legislature unless disapproved by a majority of either house. NMI CONST. art. IV, § 9(a). Constitutional courts are generally acknowledged to "have the inherent or implied power to regulate practice and procedure as a necessary function of their duty to efficiently administer cases." *Commonwealth v. Camacho*, 2002 MP 14 ¶ 15. Further, we have held that "[i]f there is expressed or implied constitutional authority for the judiciary to promulgate rules of practice and procedure then this power is regarded as legislative power. The rules issued have the status of statutes enacted by the legislature." *Id*. at ¶ 14 (quoting Norman J. Singer, Sutherland Statutory Construction § 36.06 at 69 (5th ed. 1992)). When a statute "directly and irreconcilably conflicts with a rule of this court on a matter within the court's authority, . . . the rule will prevail over the statute." *Id*. at ¶ 19. However, we read rules of this Court and statutes *in pari materia*, in order to give effect to both the rule and the statute, if possible. *Id*. at ¶ 20. Here, though 6 CMC § 6404 and Rule 46(a)(2) are not identical, they differ only in that Rule 46(a)(2) includes additional criteria for the court to consider when assessing the same goal of ensuring the defendant's presence in the future. Because these two provisions do not directly or irreconcilably conflict, we may give full effect to both without issue.

a holistic assessment of the pre-trial defendant, including any risk of danger they pose.

¶ 7     Rule 46(a)(2) permits a court to assess the risk of danger a pre-trial defendant poses. This is evidenced in Rule 46(c)'s instruction that a court considering release pending sentencing or appeal shall apply the factors in Rule 46(a)(2). A person who has been convicted no longer enjoys a presumption of innocence, and, for this reason, under Rule 46(c) a court must assess the risk the person poses to any other person or to the community. Still, the method of determining such a risk does not change between when a court is considering release pending sentencing or appeal and prior to trial.

¶ 8     Because Rule 46(a)(2) is the source for assessing the first element of release under Supreme Court Rule 9(c) and Criminal Procedure Rule 46(c), we consider whether Kaipat has established through clear and convincing evidence that he will not flee or pose a danger to any other person or to the community. Kaipat asserts that since his arrest he has managed to graduate high school and abide by pretrial bail conditions. This alone does not meet the clear and convincing evidence standard.

¶ 9     The nature and circumstances of Kaipat's criminal conviction were extremely violent and weigh against release due to the risk of danger to another person or the community. *See* Appellant's Mot. at 5 (stating that Appellant was convicted on nine counts, including Sexual Assault in the First and Second Degrees, Burglary, Aggravated Assault and Battery, Assault with a Dangerous Weapon, and Strangulation.)

¶ 10    Also weighing against release due to the risk of danger to others or to the community is Kaipat's character and mental condition. In the pretrial bail order, the court found that Kaipat is "angry, destructive, violent, and intimidating in the community with family and girlfriends." *In re the Matter of K.T.B.K.*, No. 20-0014-JA (NMI Super. Ct. April 8, 2021) (Order Modifying Bail). Kaipat's motion does not contest this finding or provide clear and convincing evidence to suggest that this is not still the case.

¶ 11    We find that neither the weight of the evidence nor the lack of prior convictions weigh particularly in favor of release.

¶ 12    The factors we must consider weigh heavily against granting release pending appeal. Kaipat has not established by clear and convincing evidence that he does not pose a danger to any other person or to the community. Because he cannot meet the first part of the first element of Supreme Court Rule 9, Kaipat does not meet his burden for release pending appeal and we do need to assess the remaining factors. The request for release pending appeal is DENIED.

SO ORDERED this 26th day of February, 2024.

/s/
ALEXANDRO C. CASTRO
Chief Justice


/s/
JOHN A. MANGLOÑA
Associate Justice


/s/
PERRY B. INOS
Associate Justice

COUNSEL

J. Robert Glass, Jr., Office of the Attorney General, for Plaintiff-Appellant.

Emily Thomsen, Office of the Public Defender, Saipan, MP, for Defendant-Appellee.

NOTICE

*This slip opinion has not been certified by the Clerk of the Supreme Court for publication in the permanent law reports. Until certified, it is subject to revision or withdrawal. In any event of discrepancies between this slip opinion and the opinion certified for publication, the certified opinion controls. Readers are requested to bring errors to the attention of the Clerk of the Supreme Court, P.O. Box 502165 Saipan, MP 96950, phone (670) 236–9715, fax (670) 236–9702, or e–mail Supreme.Court@NMIJudiciary.gov.*